UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY JONES,

        Petitioner,               Case No. 20-cv-11476
                                            Hon. Matthew F. Leitman

v.

KRIS TASKILA,

        Respondent.

_____/

**ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS
(ECF No. 10); (2) DISMISSING CASE WITHOUT PREJUDICE;
(3) DENYING CERTIFICATE OF APPEALABILITY; (4) TERMINATING
PETITIONER'S MOTION TO CORRECT SENTENCE AS MOOT
(ECF No. 17); AND (5) GRANTING PERMISSION TO APPEAL
IN FORMA PAUPERIS**

Petitioner Timothy Jones is a state prisoner in the custody of the Michigan Department of Corrections. In 2018, Jones was convicted of two counts of aggravated stalking, Mich. Comp. Laws § 750.411i(2). The convictions were rendered in separate Wayne County Circuit Court jury trials, but they involved the same victim.

On May 27, 2020, Jones filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) The petition challenges both aggravated stalking convictions and asserts four grounds for habeas relief. A week later, Jones filed another petition in this case challenging the same

convictions. (*See* Second Pet., ECF No. 3.) This second, supplemental petition also raises four claims.[1]

On January 14, 2021, Respondent filed a motion to dismiss because Jones raises several claims which have not yet been exhausted in state court. (*See* Mot. to Dismiss, ECF No. 10.) Because the amended petition is a mixed petition containing both exhausted and unexhausted claims, the Court will **GRANT** Respondent's motion and **DISMISS** the petition **WITHOUT PREJUDICE**. The Court also will **DENY** a certificate of appealability, **TERMINATE** as moot Jones's motion to correct his sentence (*see* Mot., ECF No. 17), and **GRANT** Jones leave to proceed *in forma pauperis* on appeal.

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1), Jones may amend his first petition without leave of the Court. Generally, when a pleading is amended under Rule 15(a), the amended pleading supersedes the original pleading. *See Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) ("'[T]he original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.'") (*quoting* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)) (footnote omitted in original). The original pleading may be incorporated in the amended pleading if the party submitting the amendment intended the latter pleading to supplement, rather than supersede, the original pleading. *See id.* Here, Jones does not indicate that he intended the second petition to supersede the first. Because Jones is proceeding *pro se*, the Court will liberally construe his second petition as a supplement to the first. Given the Court's decision to dismiss the case without prejudice, the Court will not require Jones to file one unified petition and will refer to the first and second petitions together as an "amended petition."

# I

"[A] state prisoner seeking federal habeas relief must first 'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address and correct alleged violations of [the] prisoner's federal rights.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).  To exhaust a claim, a state prisoner must present the claim to the state trial, appellate, and supreme courts before presenting the claim to a federal court in a petition for habeas corpus. *See Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

Jones's amended petition raises several claims which have not yet been presented through one complete round of state court appellate review:  (1) that the victim and police worked together to "set [him] up" for his convictions; (2) that he has not received all of the pretrial jail credit days to which he is entitled; and (3) that one of the trials took place without Jones being present in the courtroom.  On June 15, 2020, Jones raised these claims in state court by filing a motion for relief from judgment in both of his circuit court cases.  On April 27, 2021, the trial court denied the motions in a consolidated opinion.[2] (*See* St. Ct. Op., ECF No. 17, PageID.1719-

---

[2] On this last issue, the Court notes an apparent discrepancy between the trial court's decision denying Jones' motions for relief from judgment and the trial transcripts. (*See* Mot., ECF No. 17, PageID.17.)  The trial court stated: "A review of the trial transcripts indicates that Jones was present for both trials." (*Id.*)  However, the transcript appears to show that Jones exited the courtroom during jury voir dire for

1726.) Because these claims are still pending on state court collateral review, the amended petition is a "mixed" petition of exhausted and unexhausted claims. A federal district court normally must dismiss a "mixed" petition. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982). However, where dismissing a mixed petition could jeopardize the timeliness of a subsequent petition, the Court may stay further proceedings pending exhaustion. *See Rhines v. Weber*, 544 U.S. 267, 277 (2007). Here, Jones has not persuaded the Court that dismissing his amended petition will jeopardize the timeliness of a subsequent petition. Therefore, the Court **GRANTS** Respondent's motion to dismiss and will **DISMISS** this action **WITHOUT PREJUDICE**.[3]

## II

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a COA "only if the applicant has

---

his second trial and did not return (although he apparently listened to the proceedings on the second and final day of trial through a remote speaker). (*See* ECF No. 11-12, PageID.383, 441; ECF No. 11-13, PageID.463.) The Court need not address or resolve this discrepancy at this stage of the proceedings.
[3] Because the Court is dismissing this action without prejudice, it will terminate as moot (and without prejudice) Jones' motion to correct his sentence (ECF No. 17).

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court **DENIES** Jones a certificate of appealability because jurists of reason could not debate the conclusion that Jones filed a mixed petition and that he has not shown that dismissal of the petition will jeopardize the timeliness of a future petition.

Finally, the Court **GRANTS** Jones leave to proceed *in forma pauperis* on appeal. The standard for granting such leave is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3). In this case, an appeal could be taken in good faith. Accordingly, the Court **GRANTS** Jones permission to proceed *in forma pauperis* on appeal.

### III

For the reasons set forth above, the Court:

- **GRANTS** Respondent's motion to dismiss (ECF No. 10);

- **DISMISSES** this action **WITHOUT PREJUDICE**;

- **DENIES** Jones a certificate of appealability;

- **TERMINATES** Jones' motion to correct sentence (ECF No. 17) as moot; and

- **GRANTS** Jones leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761